PALILA (LOXIOIDES BAILLEUI), an endangered species; et al., Plaintiffs,

v.

HAWAII DEPARTMENT OF LAND AND NATURAL RESOURCES, et al., Defendants,

and

Sportsmen of Hawaii, et al., Defendants/Intervenors.

Civ. No. 78–0030.

United States District Court, D. Hawaii.

June 30, 1987.

Michael R. Sherwood, Sierra Club Legal Defense Fund, Inc., San Francisco, Ca. (William S. Hunt, Paul, Johnson & Alston, Honolulu, Hawaii, of counsel), for plaintiffs.

Edwin P. Watson, Deputy Atty. Gen., Corinne Watanabe, Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendants.

Katsuya Yamada, Hilo, Hawaii, for Sportsmen of Hawaii, Inc., Hawaii Island Archery Club, Gerald King, Kenneth Funai, and John Wong.

John S. Carroll, Honolulu, Hawaii, for Hawaii Rifle Ass'n and Irwin Kawano.

## ORDER GRANTING ATTORNEYS' FEES, COSTS AND EXPENSES

SAMUEL P. KING, Senior District Judge.

On January 27, 1987, this Court entered a Judgment and Order in this case in favor of Plaintiffs and awarding costs and attorneys' fees. On May 13, 1987, Plaintiffs filed a Motion to Fix Amount of Attorneys' Fees, which is now before this Court. On June 4, 1987, the parties stipulated that no hearing shall be held on the Motion.

## I. ATTORNEYS' FEES

■ Under Title 16, United States Code, Section 1540(g)(4), this Court may award costs of litigation, including reasonable attorneys' fees, whenever it determines such an award is appropriate. The starting point for determining a reasonable fee award is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate of compensation. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 106 S.Ct. 3088, 3097–99, 92 L.Ed.2d 439 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

In arriving at this "lodestar", this Court should be guided by the twelve criteria set forth in *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976): (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

### A. *Number of Hours Reasonably Expended on the Litigation*

■ Plaintiffs have submitted evidence which establishes that 809.8 hours were reasonably expended on this case on behalf of Plaintiffs by three attorneys. Lead counsel Michael R. Sherwood spent 773.5 hours, William S. Hunt spent 9.8 hours, and Chad K. Taniguchi spent 26.5 hours.

The daily time logs show that counsels' hours were devoted to the normal tasks of preparation and trial of a complex case: legal research, discovery, drafting trial briefs, consultation with clients, co-counsel, and opposing counsel, preparation for and participation in pre trial hearings, and preparation for and participation in trial.

Mr. Sherwood declared in an affidavit that he made every effort to bring the case to the speediest possible conclusion and to minimize his time expended, including early attempts to persuade Defendants to remove the mouflon sheep from Mauna Kea without litigation; the submission of a motion for summary judgment soon after the filing of the Amended Complaint; settlement efforts; and efforts to stipulate with opposing counsel as to the facts of the case so as to avoid lengthy expert testimony at trial.

Mr. Sherwood also declared that he made every effort to minimize travel time between his office in San Francisco, California and Hawaii by making arrangements with the court and opposing counsel to participate in a number of depositions and pre trial hearings by way of long distance telephone conference call. Furthermore, when a trip to Hawaii was unavoidable, he scheduled and conducted as much case related business during a single trip as possible.

The 809.8 hours exclude numerous hours which counsel spent on the case but refrained from "billing". For example, Mr. Sherwood eliminated from his claim 172 hours, including 60.5 hours spent in traveling during which he was not otherwise working on the case. Additionally, because Plaintiffs are not seeking fees against Defendants/Intervenors, Mr. Sherwood has eliminated 69.25 hours spent exclusively on matters relating to the intervenors. Furthermore, Mr. Sherwood has eliminated 42.-25 hours for work that he felt was not strictly necessary for the prosecution of the case or that was in any way duplicative. Some 40 hours of time spent by law clerks on research was also eliminated.

Defendants complain that the number of hours claimed by Plaintiffs is unreasonable. However, they fail to explain why and do not suggest what is reasonable. The evidence submitted by the Plaintiffs adequately supports their claim for 809.8 hours as reasonable.

## B. *A Reasonable Hourly Rate*

■ The issues presented in this case were novel and complex, involving legal expertise with respect to the Endangered Species Act as well as scientific knowledge of the palila bird, the mouflon sheep, and the mamane-naio forest ecosystem. The Plaintiffs' attorneys' efforts resulted in an Order from this Court that mouflon sheep must be removed from Mauna Kea, which is an order of importance to the Plaintiffs as it is intended to prevent the extinction of the palila bird. These considerations support an award based on a premium hourly rate. Furthermore, Plaintiffs have produced specific evidence of what is a reasonable hourly rate for each of the three attorneys.

1. *Michael R. Sherwood*—Mr. Sherwood graduated from Stanford Law School in 1967 and was admitted to the Hawaii State Bar in November of that year. He was admitted to the California State Bar in May, 1975. His experience includes work as associate counsel for the Legal Aid Society of Hawaii, as Assistant United States Attorney for the District of Hawaii, as a partner in a private firm in Honolulu, and, since 1974, as a salaried staff attorney for the Sierra Club Legal Defense Fund. He declares that if he were currently in private practice, he probably would bill his services in a case of this nature at a rate between $175 and $225 per hour.

Plaintiffs have submitted affidavits of Honolulu attorneys Boyce R. Brown, John S. Edmunds, and David C. Schutter, as well as of San Francisco attorney Robert B. Thum as evidence of a reasonable hourly rate for Michael R. Sherwood. Each of these attorneys affirms that Mr. Sherwood possesses considerable skill and experience in complex federal litigation and environmental law. Mr. Thum rates him as an attorney of the "highest caliber", and Mr. Edmunds considers him "one of the nations prominent environmental lawyers". These attorneys collectively declare that a reasonable hourly rate for Mr. Sherwood would be no less than $150 and as high as $250.

Recent court-awarded fees in public interest cases in the Ninth Circuit corroborate the value placed on Michael Sherwood's time by these attorneys. *See e.g. Greater Los Angeles Council On Deafness v. Community Television of Southern California,* 813 F.2d 217, 221 (9th Cir.1987) ($200 and $230); *Chalmers,* 796 F.2d at 1214–15 ($175); *Probe v. State Teachers' Retirement System,* 780 F.2d 776, 784–85 (9th Cir.1986) ($175).

Plaintiffs suggest that $175 per hour is a reasonable hourly rate for Mr. Sherwood's time spent on this case. Defendants maintain that this is an unreasonable rate. However, they fail to explain why this is unreasonable and to suggest what would be reasonable. Defendants have not submitted any evidence pertinent to rates. I find that $175 per hour is a reasonable rate for Mr. Sherwood.

2. *William S. Hunt*—Mr. Hunt has declared that he Graduated from Columbia University School of Law in 1972 and has practiced law in Hawaii since April of 1973. His standard billing rate in noncontingency fee cases is $125 per hour. In addition, Plaintiffs have submitted affidavits of Honolulu attorneys Charles H. Hurd and Stanely E. Levin as evidence of a reasonable hourly rate for Mr. Hunt. Both attorneys declare that $125 per hour would be a reasonable rate. Plaintiffs suggest $125 per hour is a reasonable rate for Mr. Hunt. Defendants again claim that this is unreasonable, but otherwise fail to explain why and what would be reasonable. I find that $125 per hour is a reasonable rate for Mr. Hunt.

3. *Chad K. Taniguchi*—Plaintiffs have submitted affidavits of Honolulu attorneys Charles H. Hurd and Stanley E. Levin as evidence of a reasonable hourly rate for Chad K. Taniguchi. Both attorneys declare that $75 an hour would be a reasonable rate for an associate attorney two years out of law school such as Mr. Taniguchi, and Plaintiffs suggest such a rate. Defendants once more object without elaboration. I find that $75 per hour is a reasonable rate for Mr. Taniguchi.

## II. COSTS

■ As the prevailing party in this case Plaintiffs, On March 5, 1987, filed with the

Clerk of Court a Bill of Costs in the amount of $5,647.82. Plaintiffs now seek $11,169.36 in out-of-pocket costs and expenses. These additional costs and expenses consist essentially of depositions taken in the case but not actually used in the trial and therefore not includable in the Bill of Costs, and travel expenses of Mr. Sherwood and expert witnesses to prepare for trial (as opposed to travel expenses for the trial itself, which costs were included in the Bill of costs).

Defendants agree that Plaintiffs are entitled to reasonable legal expenses. Nevertheless, they challenge eleven items totalling $127.34 consisting of various gifts to acquaintances of Mr. Sherwood. For instance, one item is $11.50 for a Greenpeace book and a book on Hawaiian Birds, and another item is $7.96 for Chenin Blanc. Mr. Sherwood explains that these gifts were simple courtesies to persons who afforded Mr. Sherwood meals and lodging during his traveling. Mr. Sherwood stayed with these friends in order to minimize expenses. Had he taken hotel rooms instead, these minor expenses would have been replaced by hundreds of dollars in hotel and restaurant bills.

Defendants also maintain that the costs should be reduced by $393.98 which Mr. Sherwood spent on a trip to Lihue, Kauai on November 1, 1985 for reasons unrelated to this case. Although Mr. Sherwood did take such a trip, he has been careful not to include those expenses in the requested $11,169.36. Therefore, the Plaintiffs' request for $11,169.36 in costs is reasonable.

## III. CONCLUSION

Michael R. Sherwood reasonably spent 773.5 hours on this case and a reasonable rate of compensation for his work is $175 per hour. Therefore, reasonable attorneys' fees for his work on this case is $135,362.50.

William S. Hunt reasonably spent 9.8 hours on this case and a reasonable rate of compensation for his work is $125 per hour. Therefore, reasonable attorneys' fees for his work on this case is $1,225.00.

Chad K. Taniguchi reasonably spent 26.5 hours on this case and a reasonable rate of compensation for his work is $75 per hour. Therefore, reasonable attorneys' fees for his work is $1,987.50.

Thus, the total reasonable attorneys' fees is $138,575.00. Furthermore, Plaintiffs' request for $11,169.36 in costs and expenses not included in their Amended Bill of Costs is reasonable.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Fix Amount of Attorneys' Fees is GRANTED and reasonable attorneys' fees of $138,575.00 and reasonable costs and expenses of $11,169.36 are awarded to Plaintiffs.